IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-174-CR




CLARA RENAE RICHARDS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,182, HONORABLE RAYMOND MORMINO, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of forgery by passing and assessed
punishment, enhanced by a previous felony conviction, at imprisonment for fifteen years. Tex.
Penal Code Ann. § 32.21(b), (d) (West 1989). We will affirm.

 In December 1991, Levi Morrison, Jr., stole a number of blank checks from his
grandfather, Amos Morrison, in Rockdale. On December 22, Levi met appellant and Donnie
Jones while buying drugs. The trio drove to Cameron where, shortly after midnight, Levi entered
a convenience store, filled out a check-cashing card in his grandfather's name and cashed one of
the stolen checks, signing his grandfather's name as drawer. The clerk testified that she saw
appellant waiting outside in a car while this transaction took place.

 Levi Morrison, Jones, and appellant remained in Cameron on December 23. 
During the course of the day, Levi cashed several more checks on which he unlawfully signed his
grandfather's name. Also, appellant returned to the convenience store where she unsuccessfully
attempted to cash a check for $40 drawn on Amos Morrison's account and purportedly signed by
him. At some point, Cameron police learned that Amos Morrison's checks had been stolen and
alerted local merchants. After midnight on December 24, appellant returned to the convenience
store and again attempted to cash the $40 check. The clerk called the police on the pretext of
getting her supervisor's approval and appellant was arrested. Following her arrest, appellant told
the police that Amos Morrison would confirm that she was authorized to cash the check. 

 Levi Morrison testified that he wrote the $40 check, signing his grandfather's name
as drawer, and gave it to appellant to cash. He also testified that appellant knew that his name
was Levi, not Amos. Amos Morrison testified that he did not know appellant and had never seen
her before the day of trial, and that neither Levi nor appellant was authorized to sign checks on
his account.

 In her first point of error, appellant contends the district court "erred by not
declaring witness Levi Morrison an accomplice witness as a matter of law." A conviction cannot
be had on the testimony of an accomplice unless that testimony is corroborated by other evidence
tending to connect the defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West
1979). In this cause, the testimony of the convenience store clerk clearly connects appellant to
the offense. Indeed, it was undisputed at trial that appellant passed the forged check, the only
issue being whether she did so with intent to defraud. Because the nonaccomplice testimony tends
to connect appellant to the offense, any error in failing to "declare" Levi Morrison, Jr., an
accomplice as a matter of law in this trial before the court was harmless. Tex. R. App. P. 81(b). 
The first point of error is overruled.

 In her remaining point of error, appellant contends that the evidence is not legally
sufficient to sustain the conviction. Her argument under this point is that the State failed to
corroborate Levi Morrison's accomplice testimony. As noted above, however, this contention is
without merit. Contrary to appellant's argument as we understand it, the corroborating evidence
need not be sufficient in itself to convict. Gordon v. State, 796 S.W.2d 319, 322 (Tex.
App.--Austin 1990, pet. ref'd). The evidence as a whole, including Levi Morrison's testimony,
is legally sufficient to sustain the conviction. See Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). Point of error two is
overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: October 14, 1992

[Do Not Publish]